# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**ODELL DEPRIEST CRAWFORD,**               Civil No. 04-2822 (JRT/JGL)

            Petitioner,

    v.                                                        **REPORT AND**
                                                                   **RECOMMENDATION**

**STATE OF MINNESOTA,**

          Respondent.

APPEARANCES

Odell DePriest Crawford, pro se

Michael K. Walz, Esq., Assistant Hennepin County Attorney, for Respondent

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

       The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Petitioner Odell DePriest Crawford's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1).  The matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1(c).  For the reasons set forth below, the Court recommends denying the Petition for habeas corpus relief.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

       Petitioner Odell DePriest Crawford is a prisoner of the State of

Minnesota at its correctional facility at Moose Lake, serving a 144-month sentence.  On January 23, 2001, Petitioner was charged with two counts of Criminal Sexual Conduct in the First Degree, in violation of Minn. Stat. § 609.342, subds. 1(b) and 1(c) (2000).  On February 21, 2001, Petitioner entered a plea of not guilty.  However, on May 22, 2001, Petitioner, through his counsel, waived his right to a speedy trial.  An Amended Complaint was filed on July 16, 2001, adding a third count of first-degree criminal sexual conduct pursuant to Minn. Stat. § 609.342, subd. 1(d) (2000).  Petitioner was tried before a jury from July 17-24, 2001, and his thirteen-year-old victim, S.H., testified against him.  He was found guilty of all three first-degree counts as charged in the Amended Complaint.  Petitioner was sentenced on September 4, 2001 to 144 months of imprisonment.

Petitioner Crawford filed his notice of direct appeal to the Minnesota Court of Appeals on November 29, 2001.  Although Petitioner was represented by counsel, he also filed pro se arguments before the court.  The Minnesota Court of Appeals affirmed the conviction in an unpublished decision dated September 17, 2002.  Minnesota v. Crawford, 2002 Minn. App. LEXIS 1058 (Minn. Ct. App. Sept. 17, 2003).  Two months later, the Minnesota Supreme Court summarily denied Crawford's petition for review.  Minnesota v. Crawford, 2002 Minn. LEXIS 827 (Minn. Dec. 17, 2002).

Petitioner moved for postconviction relief on April 10, 2003.  On June 26, 2003, a hearing before the trial court was held regarding postconviction relief.  The trial court issued an order denying relief the same day.  On July 2, 2003, Petitioner Crawford sought reconsideration of his postconviction claims, but that motion was denied the following month. Petitioner then appealed the denial of postconviction relief pro se.  The Minnesota Court of Appeals affirmed the denial in an unpublished opinion dated February 3, 2004, finding that Petitioner had procedurally defaulted his claims because the claims of improper speedy trial waiver were known to him at the time of direct appeal, but not raised.  Crawford v. Minnesota, 2004 Minn. App. LEXIS 116 (Minn. Ct. App. Feb. 3, 2004) (relying on State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976)).  In this regard, the court referenced testimony from the postconviction hearing that formed the basis for its factual determination that Petitioner knew of the speedy trial issue at the time of his direct appeal.  Id. at *2.  Moreover, the court found that even if Petitioner's claims were not procedurally defaulted, the testimony revealed that Petitioner was aware that his counsel was requesting a trial continuance and that he had agreed to that continuance, thus waiving his right to a speedy trial.  Id. at *3.  On April 20, 2004, the Supreme Court of Minnesota denied

Crawford's petition for review of the postconviction decision.  <u>Crawford v. Minnesota</u>, 2004 Minn. LEXIS 215 (Minn. Apr. 20, 2004).

Petitioner filed a <u>pro</u> <u>se</u> Federal Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the legality of his confinement on June 2, 2004.  On June 9, 2004, this Court issued an Order directing Respondent to show cause, within thirty days, why Petitioner's Petition should not be granted.  On July 9, 2004, Respondent timely answered the Petition, arguing that Petitioner Crawford has procedurally defaulted upon his claims.  Petitioner filed a <u>pro</u> <u>se</u> reply in support of his Petition on July 16, 2004.  This Court issued an Order addressing nondispositive motions by both parties on July 21, 2004.

After a prosecutor involved in Petitioner's case was involved in a somewhat public drug scandal, this Court received two <u>ex</u> <u>parte</u> letters from Petitioner dated November 22 and November 29, 2004, respectively.  In part, the letters attempt to raise untimely additional arguments and spin new, wholly unsupported theories of conspiracy not included in Crawford's Petition. The letters to this Court are both improper and tangential to the issues at hand.  Moreover, at best, the letters raise new claims of prosecutorial misconduct that have not been exhausted at the state level as required. Hence, the substance of the letters is not addressed herein.

- 4 -

**II.    DISCUSSION**

Habeas corpus is a federal remedy for a state prisoner's challenge to the legality of his or her detention. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485-86 (1973). A habeas corpus petitioner must demonstrate that he has exhausted his available state remedies with respect to every claim raised in the habeas petition before a federal court may consider the merits of any claim in the petition. <u>See</u> 28 U.S.C. § 2254(b) (2004); <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982). A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim. <u>See</u> <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1179 (8th Cir. 1993) (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)). It appears that Petitioner has exhausted his state remedies such that this Court may reach the merits of the arguments contained in his Petition.

Federal courts may entertain a habeas corpus petition only on the grounds that a prisoner's incarceration violates the United States Constitution or other federal law. 28 U.S.C. § 2254(a) (2004); <u>Wycoff v. Nix</u>, 869 F.2d 1111, 1113 (8th Cir. 1989). Federal habeas relief is not available for errors of state law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (citations omitted); <u>McDonald v. Bowersox</u>, 101 F.3d 588, 592 (8th Cir. 1996). Relatedly, this Court is generally precluded from considering issues that a state court has

- 5 -

resolved on adequate and independent state grounds, including state

procedural grounds.  E.g., Murray v. Hvass, 269 F.3d 896, 898-99, 900 (8th

Cir. 2001) (citations omitted).

Petitioner Crawford raises ten legal contentions in his federal

Petition:

(1) Petitioner's right to a public trial was violated by closing the courtroom during the child victim's testimony without a finding that closure was necessary or considering alternatives (Pet. 16-20);

(2) Petitioner was denied a fair trial by the admission of improper statistical DNA probability evidence and by the failure to provide a cautionary jury instruction (id. 20-23);

(3) Petitioner's right to a fair trial was violated by the impaneling of four biased jurors (id. 24-27);

(4) Petitioner's Fifth and Sixth Amendment rights were violated by the introduction of evidence without proper chain of custody (id. 27-31);

(5) Petitioner's Sixth Amendment right to confrontation was violated (id. 31-33);

(6) Petitioner's constitutional rights were violated because he was not present when his counsel waived speedy trial (id. 33-35);

(7) Petitioner's Sixth Amendment rights were violated by the waiver of speedy trial (id. 36-40);

(8) the waiver of speedy trial during a conference or hearing in chambers rather than in the courtroom violated Petitioner's Fifth and Sixth Amendment rights (id. 40-43);

(9) Petitioner was denied effective assistance of counsel when counsel waived speedy trial (id. 43-47); and

(10) the trial court failed to provide an essential transcript on appeal (<u>id.</u> 47-50).

The Court takes the arguments by category.

### A.    <u>Waiver of Speedy Trial and Related Effectiveness of Assistance of Counsel</u>

One of Petitioner's prime contentions regards the manner in which speedy trial was waived in his case. As noted above, a waiver of speedy trial was entered by Petitioner's counsel at a hearing or conference before the trial judge on May 22, 2002. Defendant was not present at the time, and he purports that the waiver was entered without his knowledge or consent in a "secret" proceeding, with those present conspiring against him. Relatedly, Petitioner claims that he was deprived effective assistance of counsel in that his counsel did not act with his knowledge or consent in waiving Petitioner's right to a speedy trial.

This Court usually may not review a state court's determination that a claim has been procedurally defaulted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30, 50 (1991); <u>Owsley v. Bowersox</u>, 234 F.3d 1055, 1058 (8th Cir. 2000), <u>Weeks v. Bowersox</u>, 119 F.3d 1342, 1350 (8th Cir. 1997). However, a claim that is procedurally defaulted pursuant to state law may be federally reviewed if, for example, the state procedural rule is not firmly established and

regularly followed.  <u>Murray</u>, 269 F.3d at 899-900; <u>Oxford v. Delo</u>, 59 F.3d 741,

744 (8th Cir. 1995) (citing <u>Ford v. Georgia</u>, 489 U.S. 411, 423-24 (1991)).

       The Eighth Circuit has recently found that Minnesota's general

<u>Knaffla</u> rule – that once a direct appeal has been taken, all matters raised

therein as well as all claims known but not raised will not be considered upon

a subsequent petition for postconviction relief – "has been consistently

followed by Minnesota courts for more than twenty years."  <u>Murray</u>, 269 F.3d

at 899-90.  The <u>Murray</u> court then found that where the Minnesota courts

have implicitly determined that the interests of justice did not warrant

excusing a petitioner's procedural default, that determination is entitled to

respect by the federal courts.  <u>Id.</u> at 900.

       It appears that neither Petitioner's direct appeal brief submitted

by his counsel to the Minnesota Court of Appeals, nor his own <u>pro</u> <u>se</u> brief

filed on the direct appeal, raised the issue of speedy trial waiver.  While the

<u>pro</u> <u>se</u> brief did raise the general issue of effective assistance of counsel, the

underlying arguments reportedly failed to reference the issue of Petitioner's

waiver of speedy trial.  <u>See</u> <u>Crawford</u>, 2004 Minn. App. LEXIS 116 *2; Resp't's

Mem. Opp'n Pet. at 6.)  Indeed, the Minnesota Court of Appeals, affirmed by

the Minnesota Supreme Court, upheld a factual finding that Petitioner's claim

that his counsel improperly waived his right to a speedy trial was known to

him at the time of direct appeal, but not raised.  <u>Crawford</u>, 2004 Minn. App.

LEXIS 116 *2.  Hence, the appellate court held that Petitioner was

procedurally defaulted under Minnesota law from pursuing that claim in

postconviction relief.  <u>Id.</u> (citing <u>Knaffla</u>, 243 N.W.2d at 741).

Respondent now argues that this Court is barred from disturbing

the state decision that Petitioner's claims regarding his waiver of speedy trial

are procedurally defaulted pursuant to state law.  The Court agrees that under

<u>Murray</u>, it must defer to the state courts' interpretation and application of

Minnesota's <u>Knaffla</u> rule.  <u>See</u> <u>Murray</u>, 269 F.3d at 899-90.  Accordingly,

Crawford's Petition should not be granted on the speedy trial grounds on

which the Minnesota courts have found him to have procedurally defaulted,

including Ground Six (Pet. at 33-35), Ground Seven (<u>id.</u> at 36-40), Ground

Eight (<u>id.</u> at 40-43), and Ground Nine (<u>id.</u> at 43-47).

## B.    <u>Evidentiary Rulings by the Trial Court</u>

Grounds Two and Four for relief raised by Petitioner Crawford rest

on evidentiary rulings made by the trial court.  (Pet. at 20-23, 27-31.)  These

rulings were litigated on direct appeal at the state appellate level, with all

findings in favor of Respondent.  <u>Crawford</u>, 2002 Minn. App. LEXIS 1058.

State court rules on evidentiary issues are not normally reviewable on a

federal habeas petition.  <u>Estelle</u>, 502 U.S. at 67-68.  Instead, Habeas relief is

available only if the petitioner has demonstrated that the ruling in question was "so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived him of fundamental fairness." Bennett v. Lockhart, 39 F.3d 848, 856 (8th Cir. 1994) (quoting Manning-El v. Wyrick, 738 F.2d 321, 322 (8th Cir. 1984)). Respondent contends that Petitioner has failed to meet this heavy burden of proof. The Court agrees.

As his second ground for relief, Petitioner claims that the statistical probability evidence regarding the semen found in and on the victim were not the type of probability statistics then approved by the Minnesota Supreme Court for criminal cases, such that the evidence was improperly admitted and such that the jury should have received a cautionary instruction. In this regard, the Minnesota Court of Appeals held that Petitioner knowingly waived this issue by failing to object to the statistics at trial. Crawford, 2002 Minn. App. LEXIS 1058 at *8-9 (relying on State v. Schneider, 597 N.W.2d 889, 894 (Minn. 1999)). Because Petitioner had "made a tactical decision not to object," the record does not contain evidence challenging the state's experts' assertions that the statistical method employed was then generally accepted in the scientific community. Id. The Minnesota Court of Appeals went on to find that, regardless of the fatal procedural problem with Petitioner's claims, any error as to admittance of the

evidence or jury instruction was not prejudicial under Minnesota law in light of the other evidence presented at trial, including the victim's testimony.  Id. at *8-9 (relying on State v. Griller, 583 N.W.2d 736, 741 (Minn. 1998)).  This Court may not revisit state courts' determinations of procedural issues on independent and adequate state court grounds.  Because the Minnesota courts of appeal found Crawford's DNA claims to be procedurally barred by waiver, his Petition should not be granted on the basis put forth in Ground Two.  See Estelle, 502 U.S. at 67-68.

Petitioner additionally argues in Ground Four that various pieces of evidence should not have been admitted at trial because the chain of custody had not been adequately proved.  The Court finds that in the totality of the circumstances, Petitioner has put forth no argument showing that the rulings at issue were so conspicuously prejudicial to fatally infect the trial and deprive Petitioner of his due process rights.  See id.  Accordingly, Crawford's Petition should not be granted on Ground Four regarding the trial court's allowance of allegedly inadmissible evidence.  See Bennett, 39 F.3d at 856.

Moreover, any prejudice suffered is not of such magnitude as to have deprived Petitioner of his right to a fair trial.  In Minnesota, the testimony of a single credible witness may be sufficient evidence for a conviction.  State v. Bliss, 457 N.W.2d 385, 390 (Minn. 1990) (citations omitted).  The trial

transcript in this case[1] contains detailed testimony by the minor victim that Petitioner, her mother's boyfriend, entered her bedroom in the middle of the night, held a knife to her throat, and vaginally penetrated her.  (Resp't's App. (hereinafter "Trial Tr.") at 390-97); Minn. Stat. § 609.342, subd. 1 (elements of first-degree criminal sexual conduct).  Hence, the Minnesota Court of Appeals found that the testimony of S.H. was itself sufficient evidence for the jury to convict Petitioner of criminal sexual conduct in the first degree.  Crawford, 2002 Minn. App. LEXIS 1058 at *7 (citing Minn. Stat. § 609.347, subd. 1 (2000), stating that victim's testimony need not be corroborated to prove violations of Minn. Stat. § 609.342).  This Court agrees that even absent the evidence now in question in Ground Two and Ground Four of the Petition, the trial transcript reveals sufficient evidence to convict Petitioner of all charges against him.  Hence, the Petition should not be granted on either of the evidentiary grounds put forth.  See Bennett, 39 F.3d at 856.

### C.    Confrontation Clause of the Sixth Amendment

The Sixth Amendment of the U.S. Constitution provides that, in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him.  In the present case, several items of physical

_____

[1] Because Respondent failed to provide any citations to the record, this Court's review of the trial transcript yields the cited pages of testimony herein.

evidence were taken from the victim's home. Many of which, including the child's panties, later tested positive for Petitioner's semen. For the fifth ground for his Petition, Crawford claims that his Sixth Amendment right to confrontation was violated because he did not at trial confront two officers regarding evidentiary chain of custody issues, or confront the victim's elder brother regarding an alleged out of court statement. (Pet. at 31-33.) Respondent argues that Petitioner has waived any claim that might reasonably be perceived on the confrontation clause issue because his counsel made a specific, tactical decision respecting the chain of custody, to which Petitioner explicitly agreed. Respondent does not address the issue of the victim's elder brother.

        The Court agrees that the record is clear that Petitioner expressly and affirmatively waived his objection to the chain of custody issue. (Trial Tr. at 614-15); see also Crawford, 2002 Minn. App. LEXIS 1058 at *9 (finding that by failing to make appropriate objections through his counsel at trial, Petitioner precluded appellate review of all but his ineffective assistance of counsel claim). Because Petitioner himself expressly agreed to waive the chain of custody argument at trial (Trial Tr. at 614-15), this Court cannot find that Petitioner's rights were violated by his own decision to forego his right to confront the chain of custody officers not present at trial. Additionally, this

Court should not disturb the procedural decision by the Minnesota Court of Appeals not to reach the merits of Crawford's chain of custody claim. <u>See Estelle</u>, 502 U.S. at 67-68; <u>State v. Malaski</u>, 330 N.W.2d 447, 451 (Minn. 1983) (appellate courts are precluded from reviewing claims where defendant failed to make appropriate objections at trial). Hence, the instant Petition should fail on Ground Five insofar as it addresses chain of custody witnesses.

Petitioner testified in his own defense at trial. With regard to the victim's elder brother, Petitioner argues that a question by the prosecutor violated Petitioner's right to confrontation because the victim's brother did not testify at trial. Specifically, the prosecutor asked Petitioner about testimony from the victim's mother regarding an incident months before the rape where the victim had reported that Petitioner had rubbed lotion on her legs and made her feel very uncomfortable. This Court's review of the trial transcript reveals that the victim's mother provided detailed testimony and was cross-examined regarding the incident. (Trial Tr. at 380-81.) While questioning Petitioner, the prosecutor asked about the mother's testimony and then asked Petitioner if he had also been confronted by the victim's brother regarding the lotion incident. Petitioner replied that he had not and that any report to that effect by the brother was incorrect. (Trial Tr. at 681-82.)

The Court cannot find that any error committed by not making the victim's brother available for cross examination as to the one purported out of court comment, was so prejudicial as to violate Petitioner's constitutional rights.  Given the testimony by the mother, Petitioner has failed to show that the error, if any, resulted in any prejudice.  Accordingly, Petitioner's claims of confrontation clause violations should all fail.

### D.    Closing the Courtroom During Minor Victim's Testimony

The Sixth Amendment's public trial clause creates "a presumption of openness that may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Waller v. Georgia, 467 U.S. 39, 45 (1984) (internal quotation omitted).  During the minor victim's testimony at Petitioner's trial, the courtroom was partially closed, with Petitioner's mother, aunt, and an advocate allowed to remain as support for the victim.

In Ground One, Petitioner claims that his constitutional rights were violated by the limited closure and by the trial court's failure to make specific findings on the record to support the limited closure.  (Pet. 16-20.) This issue was litigated before the appellate courts in Minnesota.  Crawford, 2002 Minn. App. LEXIS 1058 at *2-3.  The Minnesota Court of Appeals, affirmed by the Minnesota Supreme Court, found that Petitioner had waived

- 15 -

his right under Minnesota law to challenge the limited closure by failing to object to the closure at trial. Id. (relying on Minn. Stat. § 631.045, and State v. Bashire, 606 N.W.2d 449, 452 (Minn. Ct. App. 2000), which held that defendant's failure to object to courtroom closure and his agreement to a limited closure forfeited any error resulting from absence of finding to support closure).

The trial court's decision to partial close the courtroom was made after Petitioner's counsel strenuously objected to the number of persons that the prosecution sought to have present during S.H.'s testimony. Petitioner's counsel argued that at most one support person would be sufficient, and also argued that the one person should not be the victim's mother. (Trial Tr. at 322-24.) Petitioner's counsel also successfully sought leave for his investigator to remain present during the limited closure. (Id. at 324-26, 351.) However, counsel did not object to the actual closure of the courtroom, instead implicitly agreeing to a limited closure. (Id. at 322-26.)

A defendant's failure to object to closure of the courtroom operates as a waiver of that issue. See Levine v. United States, 362 U.S. 610, 618 (1960) (no due process violation where petitioner failed to request that trial judge open courtroom). Because Petitioner acquiesced to the limited closure, he has shown no violation of federal law in his Ground One. Moreover, as

- 16 -

noted above, this Court is generally precluded from considering issues that a state court has resolved on adequate and independent state grounds, including state procedural grounds.  <u>E.g.</u>, <u>Murray</u>, 269 F.3d at 898-99, 900. This Court should not disturb the Minnesota courts' decision that Petitioner's claim regarding the limited courtroom closure was waived pursuant to Minnesota law.  <u>See</u> <u>Crawford</u>, 2002 Minn. App. LEXIS 1058 at *3. Accordingly, Crawford's Petition should not be granted on this basis.

### E.    <u>Allowance of Four Purportedly Biased Jurors</u>

The right to a fair and impartial jury is guaranteed by the Sixth Amendment of the United States Constitution.  For the third ground of his Petition, Crawford insists that the trial court's failure to <u>sua</u> <u>sponte</u> dismiss for cause four purportedly biased jurors is grounds for a new trial.  (Pet. at 24-27.) Respondent argues that because Petitioner accepted each of the four jurors without moving to strike,[2] he should not be now permitted to claim that the jurors should not have been seated.

Pursuant to Minnesota law, if defense counsel fails to object to error at trial, a defendant is deemed to have forfeited his right to have an appellate court consider that error on appeal.  <u>Crawford</u>, 2002 Minn. App.

---

[2] Juror Hepler, Forewoman (Trial Tr. at 139-47); Juror Youngdale (Trial Tr. at 68-69, 189-97); Juror Tretler (Trial Tr. at 209-18); Juror Simon (Trial Tr. at 83-84, 259-62, 264-66.)

LEXIS 1058 at *9 (citing <u>Malaski</u>, 330 N.W.2d at 451 (holding that appellate court was precluded from reviewing Crawford's arguments raised in his <u>pro se</u> brief because he had failed to make appropriate objections at trial)). Accordingly, this Court should not disturb the Minnesota court's determination based on adequate and independent state law grounds that Petitioner's claims were precluded by his failure to voice proper objections at trial. Moreover, Petitioner has failed to show any error by the trial court in not removing the jurors <u>sua sponte</u>. In short, Crawford's Petition should not be granted on Ground Three.

### F.    Additional Arguments of Ineffective Assistance

In addition to the speedy trial waiver issues discussed above, Petitioner claims that he received ineffective assistance of counsel with regard to chain of custody issues in Ground Nine. (Pet. at 45.) This issue was litigated before the Minnesota appellate courts. <u>See Crawford</u>, 2002 Minn. App. LEXIS 1058 at *10.

To succeed on a claim of ineffective assistance of counsel, Petitioner must demonstrate that the trial attorney's representation fell below an objective standard of reasonableness, and that the trial counsel's errors actually had an adverse effect on the trial. <u>Strickland v. Washington</u>, 466 U.S.

668, 687 (1984).  The ultimate test is whether, but for these counsel errors, the eventual result of the proceeding would have been different.  Id.

Respondent contends that while the trial court initially ruled that certain DNA test results could not be admitted absent the state solidifying the chain of custody as to items from which the DNA was obtained, the record is clear that Petitioner's trial counsel, with Petitioner himself concurring on the record, made a specific tactical decision as to chain of custody.  (Trial Tr. at 614-15.)  The Court agrees that Petitioner cannot successfully argue that the exercise of that tactical choice constitutes ineffective assistance of counsel.  See, generally, Florida v. Nixon, 125 S. Ct. 551 (2004) (even where defendant, informed by counsel, neither consents nor objects to litigation strategy, counsel's assistance is judged by objective reasonableness standard).  Petitioner has failed to meet his burden to demonstrate the prejudice arising from the purported ineffective assistance, and has failed to show that his counsel's trial strategy fell below an objective standard of reasonableness.  Crawford's Petition should not be granted on this basis.

### G.    **Alleged Lack of Full Transcript of Proceedings**

In Ground 10, Petitioner asserts that the trial court failed to provide his appellate counsel with an essential transcript of counsel waiving speedy trial on Petitioner's behalf in the court's chambers on May 22, 2002.

(Pet. at 47-50.)  However, there is nothing to indicate that a transcript of the proceeding was ever made or ever existed, which is understandable given that a formal proceeding in the courtroom did not take place.  Additionally, Petitioner has failed to demonstrate that the lack of transcript had any effect whatsoever upon his direct appeal.

The Court agrees with Respondent that the facts indicate that the waiver of speedy trial and attendant delay in proceedings were occasioned by Petitioner's claim of actual innocence and his counsel's belief that a delay in order to obtain and study DNA test results might well exonerate him.  Thus, Petitioner cannot show that he was prejudiced by the delay in trial, let alone the lack of a transcript memorializing the waiver.  Hence, the Court recommends that the lack of a transcript of the chambers waiver resulted in no violation actionable on a federal habeas petition.

**III.    CONCLUSION**

Seeing no grounds for finding that Petitioner Crawford's incarceration violates the United States Constitution or other federal law, the Court recommends that Crawford's Petition for relief be denied in its entirety.

Based upon the foregoing, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Odell

DePriest Crawford's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) should be **DENIED**, and that the matter be **DISMISSED WITH PREJUDICE**.

Dated: January 11, 2005

 s/  Jonathan Lebedoff         
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties by January 31, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party*s brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.