## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ODELL DEPRIEST CRAWFORD, | Civil No. 04-2822  (JRT/JGL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| STATE OF MINNESOTA, | |
| Respondent. | |

Odell DePriest Crawford, No. 207607, Minnesota Correctional Facility Moose Lake, 1000 Lakeshore Drive, Moose Lake, MN 55767, petitioner, *pro se*.

Michael K. Walz, Assistant Hennepin County Attorney, OFFICE OF THE HENNEPIN COUNTY ATTORNEY, C-2000 Government, 300 South Sixth Street, Minneapolis, MN 55487, for respondent.

On June 2, 2004, Odell DePriest Crawford ("Crawford") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his detention. The case was referred to United States Magistrate Judge Jonathan Lebedoff for initial screening pursuant to 28 U.S.C. § 1915A, and for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1.  In the Report and Recommendation, dated January 11, 2005, the Magistrate Judge recommended that the petition be denied. Crawford timely filed objections.  The Court conducted a *de novo* review of Crawford's objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and D.

Minn. LR 72.1. For the reasons set forth below, the Court overrules Crawford's objections and adopts the Report and Recommendation of the Magistrate Judge.

After a jury trial in Minnesota state court, Crawford was found guilty of three counts of Criminal Sexual Conduct in the First Degree, in violation of Minnesota Statute section 609.342 and was sentenced to 144 months in prison on September 4, 2001. Crawford directly appealed the conviction to the Minnesota Court of Appeals, which affirmed his conviction in a September 17, 2002 unpublished decision. Subsequently, the Minnesota Supreme Court denied Crawford's petition for review. On April 10, 2003, Crawford moved for postconviction relief, which the trial court denied. Crawford sought reconsideration, and again his motion was denied. Crawford then appealed the denial of postconviction relief. The Minnesota Court of Appeals affirmed the denial holding that Crawford procedurally defaulted his claims because they were not raised at the time of his direct appeal. On April 20, 2004, the Supreme Court of Minnesota denied Crawford's petition for review of the postconviction decision.

In both his petition for a writ of habeas corpus and his objections to the Report and Recommendation, Crawford alleges ten claims relating to violations of his Constitutional rights. Crawford's claims can be summarized as 1) allegations regarding an improper waiver of the right to a speedy trial; 2) objections to evidence admitted during the trial; 3) objections to procedural decisions during trial; and 4) assertions of ineffective assistance of counsel. In the Report and Recommendation, the Magistrate Judge found that Crawford's claims fail because they are procedurally barred. The Court agrees.

Federal courts entertain habeas petitions when the detention violates the United States Constitution or other federal law. 28 U.S.C. § 2254(a). Federal habeas relief is not available to correct mere errors of state law, nor to reconsider issues that a state court decided on adequate and independent state law grounds. *Murray v. Hvass*, 269 F.3d 896, 898-99 (8th Cir. 2001).

Crawford first alleges that his counsel improperly waived his right to a speedy trial. Minnesota state law precludes courts from considering matters arising from a conviction that were known but not raised on direct appeal. *Murray*, 269 F.2d at 899-900; *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). As the Minnesota postconviction court noted, Crawford had knowledge of this issue and failed to present this claim on direct appeal. *Crawford v. Minnesota*, 2004 WL 193179, at *1 (Minn. Ct. App. Apr. 20, 2004). As this is an adequate and independent state law ground, this claim is precluded from review by this Court. *Murray*, 269 F.3d at 899-900; *Knaffla*, 243 N.W.2d at 741.

Second, Crawford raises objections regarding evidence admitted during his trial. Crawford's objections include claims related to the admission of DNA evidence, the chain of custody of admitted evidence, and the inability to question two officers regarding chain of custody testimony. The state court rejected these issues on direct appeal based, in part, on its application of the Minnesota Rules of Criminal Procedure. *State v. Crawford*, 2002 WL 31056664, at *2-3 (Minn. Ct. App. Sept. 17, 2002) (citing Minn. R. Crim. P. 31.02 and *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998)). This

Court, therefore, is precluded from considering this issue because it was decided on an adequate and independent state law ground. *Murray*, 269 F.3d at 898-99.[1]

Third, Crawford objects to the allowance of four purportedly biased jurors and the limited closure of the courtroom during the minor victim's testimony. During the trial, Crawford failed to object to the jurors, and he acquiesced to partial closure of the courtroom. On appeal, the Minnesota Court of Appeals determined that Crawford's failure to object to the jury members and the partial courtroom closure during the trial constituted a waiver of both these issues. *Crawford*, 2002 WL 31056664, at *1, 3 (citing *State v. Malaski*, 330 N.W.2d 447, 451 (Minn. 1983); *State v. Bashire*, 606 N.W.2d 449, 452 (Minn. Ct. App. 2000)). As these issues have also been decided on independent and adequate state grounds by the Minnesota Court, they are precluded from review by this Court. *Murray*, 269 F.3d at 898-99.

Finally, Crawford's ineffective assistance of counsel claim does not succeed because, as the Minnesota Court determined, he failed to demonstrate that his representation fell below the objective standard of reasonableness and that it adversely affected the trial. *Crawford*, 2002 WL 31056664, at *3 (citing *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1986) (applying *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); 28 U.S.C. § 2254(d)(1) (stating that a federal court may overturn a state court's determination of federal law only if the determination was contrary to or involved an

---

[1] Furthermore, Crawford fails to adequately demonstrate how the admitted evidence deprived him of a fundamentally fair judgment. Federal courts review state court evidentiary decisions only when the decision was prejudicial to the point of depriving the accused of fundamental fairness. *Bennett v. Lockhart*, 39 F.3d 848, 856 (8th Cir. 1994).

unreasonable application of clearly established federal law). The Court, therefore, cannot grant relief on this basis.

### Certificate of Appealability

The Court may grant a Certificate of Appealability only where petitioner has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that it is unlikely that some other court would decide the issues raised in this petition differently. For this reason, the Court concludes that petitioner has failed to make the required substantial showing of a denial of a constitutional right, and the Court therefore declines to grant petitioner a Certificate of Appealability.

### ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 19] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 18]. **IT IS HEREBY ORDERED** that:

1.    Crawford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

2.      For purposes of appeal, the Court does not certify the issues raised in petitioner's motion as petitioner has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), as is required under the appeal statute for the issuance of a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).

**IT IS FURTHER ORDERED** that:

3.      Crawford's motion for Default Judgment Denying States Answer to Petitioner's Objection Brief Pursuant to D. Minnesota LR. 72.1(c)(2) [Docket No. 29] is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:     July 1, 2005                         _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge