UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ODELL DEPRIEST CRAWFORD,                      Civil No. 04-2822 (JRT/JGL)

      Petitioner,
v.                                            **ORDER**

STATE OF MINNESOTA,

      Respondent.

**INTRODUCTION**

Petitioner commenced this action by filing a habeas corpus petition challenging his state court conviction for criminal sexual conduct. The matter was assigned to Chief Magistrate Judge Jonathan Lebedoff for report and recommendation, ("R&R), pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The Magistrate Judge recommended that Petitioner's habeas corpus petition be denied, and that this action be dismissed. (R&R dated January 11, 2005; [Docket No. 18].) After conducting a de novo review of the matter, this Court adopted the R&R, and ordered that this action be dismissed with prejudice. (Order dated July 1, 2005; [Docket No. 30].)

Petitioner subsequently filed a Notice of Appeal, and a request for a Certificate of Appealability, ("COA"). (Docket Nos. 32 and 33.) Petitioner did not pay the $255 filing fee for his appeal, but instead filed an "Application To Proceed Without Prepayment Of Fees," (Docket No. 34), seeking leave to proceed in forma pauperis, ("IFP"), on appeal. Thus, the matter is now before the Court to determine (a) whether Petitioner should be granted leave to proceed IFP on appeal, and (b) whether Petitioner should be granted a COA in this matter. For the reasons discussed below, Plaintiff's IFP application will be GRANTED, but his request for a COA will be DENIED.

**DISCUSSION**

A.  The IFP Application

A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  See also Fed. R. App. P. 24(a).  To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not "taken in good faith."  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous.  Id.  An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he has no regular income other than the nominal wages that he earns from his prison job.  He has only $2.13 in his prison trust account, and he has no other assets of any significance.  Based on the information furnished in the IFP application, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court remains fully satisfied that Petitioner's habeas corpus petition was properly dismissed, his claims for relief are not considered to be "frivolous," as that term has been defined by the Supreme Court.  Petitioner's application for leave to proceed IFP on appeal will therefore be granted.

B. Certificate Of Appealability

A state prisoner who is challenging the legality of his custody is not permitted to take an

appeal in a federal habeas corpus proceeding without first securing a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Petitioner has filed a request for a COA, (labeled "Motion Petition For Permission To Appeal Pursuant To FRAP 5. (A)"), which would allow him to seek appellate review of the claims raised in his habeas corpus petition.  However, the Court previously ruled, in the order adopting the R&R, that Petitioner has not made a substantial showing of the denial of a constitutional right, and, accordingly, he should not be granted a COA.  The Court finds no good reason to re-visit that issue here.  Having already determined that Petitioner is not entitled to a COA in this case, the Court summarily denies Petitioner's current request for COA.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 34), is GRANTED; and

2. Petitioner's request for a Certificate of Appealability, (Docket No. 33), is DENIED.

Dated: August 2, 2005
at Minneapolis, Minnesota

                                    s/John R. Tunheim
                                      JOHN R. TUNHEIM
                                  United States District Judge